**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RAINBOW INTERNATIONAL LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. _____ 5:14-CV-139-MTT |
| BRIAN ANTHONY WHITLEY and | ) | |
| PATRICIA B. WHITLEY, individually, | ) | |
| and QUICK WHITS, Inc., d/b/a | ) | |
| "Rainbow International Restoration & | ) | |
| Cleaning" and "Rainbow International of | ) | |
| Bibb County," | ) | |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT

---

Plaintiff Rainbow International LLC ("Plaintiff") states the following for its Complaint against Defendants Brian Anthony Whitley and Patricia B. Whitley, individually, and Quick Whits, Inc., doing business as "Rainbow International Restoration & Cleaning" and "Rainbow International of Bibb County" (collectively, "Defendants").

### <u>NATURE OF THIS ACTION</u>

1.      This is an action at law and in equity for service mark infringement, unfair competition, false designation of origin, and unfair and deceptive trade practices under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); and for breach of contract, service mark infringement, unfair and deceptive trade practices, and unfair competition under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, O.C.G.A. § 23-2-55, and the common law.

## PARTIES

2.      Plaintiff Rainbow International, LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 1010 North University Parks Drive, Waco, Texas 76707.

3.      On information and belief, Defendants Brian Anthony Whitley ("Mr. Whitley") and Patricia B. Whitley ("Mrs. Whitley") (collectively, the "Whitleys") are citizens of the State of Georgia and reside at 985 Laurel Avenue, Macon, Georgia 31211.

4.      On information and belief, Defendant Quick Whits, Inc. ("Quick Whits") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Macon, Georgia, and which may be served with process through its registered agent, Defendant Patricia B. Whitley, at 2302 Weaver Road, Macon, Georgia 31217.  On information and belief, Quick Whits is owned and controlled by the Whitleys.

5.      On information and belief, Defendants are operating a carpet cleaning and restoration business under the names "Rainbow International Restoration & Cleaning" and "Rainbow International of Bibb County" at 2302 Weaver Road, Macon, Georgia 31217.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

7.      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants reside in this State, transact business within this State, have committed tortious acts or omissions within this State, and have otherwise established contacts within this State sufficient to make the exercise of personal jurisdiction proper.

US2008 5371674 7

8.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District.

9.　　Venue is proper in this Division pursuant to LR 3.4 of the U.S. District Court for the Middle District of Georgia because Defendants reside in this Division and because the claims asserted herein arose in this Division.

## THE RAINBOW INTERNATIONAL® SYSTEM

10.　　Plaintiff is a franchisor of a nationwide system of businesses that provide carpet cleaning, dyeing, repair, reinstallation and related services; upholstery, drapery, and ceiling cleaning and related services; deodorization services; and water and smoke restoration services (referred to collectively as "carpet and upholstery dyeing and cleaning services").  The RAINBOW INTERNATIONAL® franchise system currently consists of over 400 franchisees worldwide, each of which operates under the name and service mark RAINBOW INTERNATIONAL®.  Each RAINBOW INTERNATIONAL® franchise operates pursuant to a franchise agreement under which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of its service marks and the uniform quality of the services provided by franchisees in the RAINBOW INTERNATIONAL® franchise system.

11.　　Plaintiff, through its franchisees and its predecessor in interest, has used the RAINBOW INTERNATIONAL® service mark since at least as early as 1980 in connection with carpet and upholstery dyeing and cleaning services.  Plaintiff, through its predecessor in interest, is the owner of U.S. Registration No. 1,672,096, issued on January 14, 1992, for the mark RAINBOW INTERNATIONAL for "carpet and upholstery cleaning services" in International Class 37 (the "'096 Registration").

US2008 5371674 7

12.     The '096 Registration is incontestable under 15 U.S.C. § 1065 as the mark has

been in continuous use in commerce for more than five years and the required affidavits of use

and incontestability have been filed with the U.S. Patent and Trademark Office ("USPTO").  A

true and correct copy of Certificate of Registration for the '096 Registration is attached as

**Exhibit A**.

13.     Plaintiff, through its predecessor in interest, is also the owner of U.S. Registration

No. 2,054,615, issued on April 22, 1997, for the mark "THE CLEAN EXPERIENCE"

RAINBOW INTERNATIONAL CARPET CARE & RESTORATION SPECIALIST & Design,

depicted below, for "carpet upholstery cleaning and repair services" in International Class 37 and

"carpet and upholstery dyeing, tinting and colorizing" in International Class 40 (the "'615

Registration").



14.     The '615 Registration is incontestable under 15 U.S.C. § 1065 as the mark has

been in continuous use in commerce for more than five years and the required affidavits of use

and incontestability have been filed with the USPTO.  A true and correct copy of Certificate of

Registration for the '615 Registration is attached as **Exhibit B**.

15.     Additionally, Plaintiff, through its predecessor in interest, is the owner of U.S.

Registration No. 2,768,905, issued on September 30, 2003, for a stylized depiction of the letter

"R," together with other distinctive design features as depicted below, for the following services

in International Class 37:  "carpet, upholstery and drapery cleaning and spot, stain and odor

US2008 5371674 7

removal services; air-duct cleaning services; disaster restoration services, namely, restoring building interiors, carpet and furnishings damaged by fire, water, smoke and other disasters; mold inhibition services; carpet repair services; [and] commercial and residential building cleaning services" (the "'905 Registration").



16.     The '905 Registration is incontestable under 15 U.S.C. § 1065 as the mark has been in continuous use in commerce for more than five years and the required affidavits of use and incontestability have been filed with the USPTO.  A true and correct copy of Certificate of Registration for the '905 Registration is attached as **Exhibit C**.

17.     Plaintiff, through its predecessor in interest, is also the owner of U.S. Registration No. 2,850,175, issued on June 8, 2004, for the mark RAINBOW INTERNATIONAL for the following services in International Class 37:  "carpet, upholstery and drapery cleaning and spot, stain and odor removal services; air-duct cleaning services; disaster restoration services, namely, restoring building interiors, carpet and furnishings damaged by fire, water, smoke and other disasters; carpet repair services; [and] commercial and residential building cleaning services"; and the following services in International Class 40:  "providing carpet and upholstery dyeing, tinting, and colorizing services; [and] mold prevention treatment of building and their contents" (the "'175 Registration").

18.     The '175 Registration is incontestable under 15 U.S.C. § 1065 as the mark has been in continuous use in commerce for more than five years and the required affidavits of use

and incontestability have been filed with the USPTO. A true and correct copy of Certificate of Registration for the '175 Registration is attached as **Exhibit D.**

19.     Plaintiff, through its predecessor in interest, is also the owner of U.S. Registration No. 3,207,135, issued on February 13, 2007, for the mark RAINBOW INTERNATIONAL RESTORATION & CLEANING for "carpet, upholstery and drapery cleaning, and spot, stain and odor removal services; air-duct cleaning services; disaster restoration services, namely, restoring building interiors, carpet and furnishings damaged by fire, water, smoke and other disasters; carpet repair services; commercial and residential building cleaning services" in International Class 37, and for "mold inhibition services concerning buildings and their contents" in International Class 40 (the "'135 Registration").

20.     The '135 Registration is incontestable under 15 U.S.C. § 1065 as the mark has been in continuous use in commerce for more than five years and the required affidavits of use and incontestability have been filed with the USPTO. A true and correct copy of Certificate of Registration for the '135 Registration is attached as **Exhibit E**.

21.     Plaintiff, through its predecessor in interest, is also the owner of U.S. Registration No. 3,923,493, issued on February 22, 2011, for WATER FIRE SMOKE & Design, depicted below, for "carpet, upholstery and drapery cleaning, and spot and stain removal services; air-duct cleaning services; disaster restoration services, namely, restoring building interiors, carpet and furnishings damaged by fire, water, smoke and other disasters; carpet repair services; commercial and residential building cleaning services" in International Class 37, and for "carpet, upholstery and drapery odor removal services; providing carpet; carpet and upholstery dyeing, tinting and colorizing services; mold inhibition services of buildings and their contents" in International Class 40 (the "'493 Registration").



A true and correct copy of Certificate of Registration for the '493 Registration is attached as **Exhibit F**. The federally-registered service marks described above, together with all of the common law counterparts of these services marks, shall be referred to collectively herein as the "RAINBOW INTERNATIONAL® Marks."

22. Plaintiff and its franchisees have marketed and used the RAINBOW INTERNATIONAL® Marks in connection with carpet and upholstery dyeing and cleaning services throughout the United States. Plaintiff and its franchisees have invested and are investing significant time, effort, and money in advertising, marketing, and promoting the RAINBOW INTERNATIONAL® Marks and the services provided in connection with those marks. The RAINBOW INTERNATIONAL® Marks are widely recognized for the high quality carpet and upholstery dyeing and cleaning services provided by the RAINBOW INTERNATIONAL® franchise system.

23. Because of the extensive use and promotion of the RAINBOW INTERNATIONAL® Marks in interstate commerce by Plaintiff and its franchisees, Plaintiff now owns valuable goodwill symbolized by the RAINBOW INTERNATIONAL® Marks. The purchasing public has come to associate the RAINBOW INTERNATIONAL® Marks as identifying services created, distributed, authorized, or licensed exclusively by Plaintiff. The RAINBOW INTERNATIONAL® Marks are distinctive and have achieved significant secondary meaning and fame.

7

## THE FRANCHISE AGREEMENT

24.     Plaintiff has established standard policies and procedures that govern the operation of its RAINBOW INTERNATIONAL® franchises and to protect the valuable goodwill and uniformity associated with its RAINBOW INTERNATIONAL® Marks and distinctive business system.

25.     Based on these practices, authorized RAINBOW INTERNATIONAL® franchisees must agree to conform to Plaintiff's requirements and abide by all terms and conditions contained in the RAINBOW INTERNATIONAL® franchise agreement.

26.     Defendant Mr. Whitley entered into a franchise agreement with Plaintiff's predecessor in interest on June 25, 2007 (the "Franchise Agreement"), which sets out the terms pursuant to which Mr. Whitley was authorized to operate a RAINBOW INTERNATIONAL® franchise in Bibb County, Georgia.  A true and correct copy of the Franchise Agreement is attached as **Exhibit G**.

27.     In Section 6.A of the Franchise Agreement, Mr. Whitley specifically acknowledged Plaintiff's exclusive rights in the RAINBOW INTERNATIONAL® Marks, he agreed that he "will hereafter assert no claim of ownership" to those marks, and he covenanted that he "will not contest [Plaintiff's] ownership of th[ose marks] or their validity nor will [he] do or permit any act or thing to be done in derogation of any of the rights of [Plaintiff] in connection with th[ose marks] either during the term of this Agreement or thereafter."

28.     In Section 9.C of the Franchise Agreement, Mr. Whitley agreed that, for a period of two years immediately following the termination of the Franchise Agreement, he would not, among other things, "engage in or participate in or derive any benefit from a Competitive Business . . . in the Territory without [Plaintiff's] prior written consent."  A "Competitive

8

Business" is defined in Section 9.C as "hold[ing] interests in any business other than the Franchisee which offers or sells any product or service or component thereof which composes a part of Franchise's System or which competes directly or indirectly with the Franchise or Franchisor's System . . . ."

29.     Pursuant to Section 12.A of the Franchise Agreement, immediately upon termination of the Franchise Agreement all rights granted to Mr. Whitley terminated and he was obligated to, among other things: (a) cease to use the RAINBOW INTERNATIONAL® franchise system; (b) comply with the post-termination covenants contained in Section 9; (c) cease to use the RAINBOW INTERNATIONAL® Marks or any confusingly similar designations; (d) "bring about a complete and effective transfer of the Franchise, its customers and/or customer list and services to Franchisor or its designee"; (e) cease using all telephone numbers that are, at the time of termination, or have at any time been, listed in the Yellow Pages or white pages of the telephone directory under RAINBOW INTERNATIONAL® or any confusingly similar name; (f) upon demand of Plaintiff, direct the telephone company servicing the franchise to transfer all telephone numbers registered to Mr. Whitley in connection with the franchise to Plaintiff or its designee; (g) return to Plaintiff, at Mr. Whitley's sole expense, all materials furnished to him relating to the operation of the franchise and/or bearing the RAINBOW INTERNATIONAL® Marks; and (h) refrain from doing anything, whether specified or not, that would directly or indirectly indicate that [Mr. Whitley] was a former franchisee of [Plaintiff]."

30.     Section 13.G of the Franchise Agreement further contains an "Emergency Relief" dispute resolution provision, which states as follows:

During the course of any Dispute, should a situation arise relating to [Mr. Whitley's] use of the Marks, the System or [Plaintiff's] Confidential Information

or trade secrets and the situation is one in which a party believes it will suffer irreparable loss or damage unless that party takes immediate action, including but not limited to a situation involving threatened or actual conduct alleged to be in violation of Section 9 of this Agreement, the party seeking relief shall be free to seek restraining orders, preliminary injunctive relief and/or other interim relief from any court of competent jurisdiction . . . .

31.     Section 13.B provides that the agreement shall be governed by the internal laws of the State of Texas, without regard to its conflicts of laws rules, except to the extent governed by the U.S. Trademark Act of 1946 (Lanham Act, 15 U.S.C., Section 1051 et seq.).

32.     Section 14.K of the Franchise Agreement provides that if an action at law or equity arises between Plaintiff and Mr. Whitley concerning the operation, enforcement construction, or interpretation of the agreement, "the prevailing party shall be entitled to recover reasonable attorney's fees (including outside counsel and in-house legal fees/costs), court costs and expenses incurred" by the party.

33.     Section 14.R, "Waiver of Jury Trial," provides that the parties, "fully aware of their constitutional right to trial by jury and having had full opportunity to consult with counsel and otherwise evaluate whether to waive that right, hereby irrevocably waive trial by jury in any action, proceeding or counterclaim, whether at law or in equity."

## THE CONFIDENTIALITY AGREEMENT

34.     On the same day Mr. Whitley signed the Franchise Agreement, both he and Mrs. Whitely entered into a Confidentiality Agreement with Plaintiff's predecessor in interest whereby Mrs. Whitley "agree[d] to be bound by the provisions of the Franchise Agreement related to confidentiality and protection of trade secrets, including but not limited to Sections 9.B and 9.C of the Franchise Agreement, the same as if a party to the Franchise Agreement." *See* Section 1 of the Confidentiality Agreement, a true and correct copy of which is attached as **Exhibit H**.

35.     In Section 2 of the Confidentiality Agreement, Mrs. Whitley agreed not to perform any act injurious to the goodwill associated with the RAINBOW INTERNATIONAL® Marks or the RAINBOW INTERNATIONAL® franchise system.

36.     In Section 5 of the Confidentiality Agreement, Mrs. Whitley agreed that, for a period of two years commencing with the termination of the Franchise Agreement, "which period shall be extended by any period of non-compliance," she would not,

> directly or indirectly, through, on behalf of, or in conjunction with any other person, partnership, or legal entity, own, maintain, operate, or engage or participate in, or have any financial interest, either as an officer, agent, employee, principal, partner, director, shareholder or any other individual or representative capacity, in any corporation, partnership or legal entity which engages in any business which is the same or similar to the Franchise, or is otherwise in competition with the business of [Plaintiff] or [Plaintiff's] franchisees, which engages in the distribution of similar products, services and equipment with [Bibb County, Georgia].

37.     Section 6 of the Confidentiality Agreement provides that the agreement shall be governed by the internal laws of the State of Texas.

38.     Section 7 of the Confidentiality Agreement provides that, if a party breaches the agreement, "the defaulting party shall pay reasonable attorney's fees and other costs incurred by the other party in enforcing the provisions of th[e] Agreement."  And "[i]f any legal proceeding is commenced to enforce or interpret any provision of th[e] Agreement, the prevailing party will be entitled to recover reasonable attorney's fees and all costs and disbursements allowed by law."

## TERMINATION OF THE FRANCHISE AGREEMENT

39.     Plaintiff terminated the Franchise Agreement effective September 24, 2013 due to Mr. Whitley's failure to:  (a) pay royalties and advertising fees; (b) submit royalty reports; (c) make note payments; (d) respond to Plaintiff in a timely fashion to resolve and/or settle Mr.

Whitley's obligations and/or requirements to continue as a franchisee. A true and correct copy of the Notice of Termination is attached as **Exhibit I**.

40.     The Notice of Termination informed the Defendants that, notwithstanding termination of the Franchise Agreement, Defendants still have many post-termination obligations to fulfill under Section 12.A of the Franchise Agreement, which included the post-termination covenants contained in Section 9 of the agreement.

## DEFENDANTS' UNLAWFUL CONDUCT

41.     Despite termination of the Franchise Agreement, and without Plaintiff's authorization, Defendants operate a competitive carpet cleaning and restoration business servicing Bibb County, Georgia under the names "Rainbow International Restoration & Cleaning" and "Rainbow International of Bibb County."

42.     In connection with their competitive carpet cleaning and restoration business, Defendants utilize the identical (or substantially indistinguishable versions of) signage, advertising, business invoices, and vehicles of their former RAINBOW INTERNATIONAL® franchise, though they are no longer authorized to do so.

43.     For example, exterior signage posted Defendants' 2302 Weaver Road location prominently displays the RAINBOW INTERNATIONAL® Marks. True and correct copies of photographs depicting such signage are attached at **Exhibit J**.

44.     Also, Defendants utilize several service trucks and wrapped with the RAINBOW INTERNATIONAL® Marks. True and correct copies of photographs depicting Defendants' service trucks and vans are attached as **Exhibit K**.

US2008 5371674 7

45. Further, Defendants utilize business cards and invoices that display the RAINBOW INTERNATIONAL® Marks, true and correct copies of which are attached as **Exhibit L**.

46. Upon information and belief, Defendants and their employees identify their business as "Rainbow International" when answering the telephone and wear uniforms that bear the RAINBOW INTERNATIONAL® Marks.

47. Defendants also continue to use the (478) 257-6690 telephone number that was previously associated with Defendants' authorized RAINBOW INTERNATIONAL® franchise. True and correct copies of Defendants' white pages and Yellow Pages listings from the June 2013-2014 Greater Macon – Forsyth, Georgia YP® telephone directory are attached as **Exhibit M**.

48. Defendants advertise and promote their competitive carpet cleaning and restoration business using means identical to those of Plaintiff. For example, in connection with their competitive carpet cleaning and restoration business, Defendants have adopted and use URLs that incorporate Plaintiff's RAINBOW INTERNATIONAL® Marks: rainbowbibbcounty.com and www.rainbowmidga.com. A true and correct copy of the WHOIS database search result for www.rainbowmidga.com—identifying as the registrant Brian Whitley of "Quick Whits, Inc dba Rainbow International of Bibb County," with an e-mail address of brianwhitley@rainbowbibbcounty.com—is attached as **Exhibit N**.

49. Defendants' website associated with the rainbowbibbcounty.com and www.rainbowmidga.com URLs makes prominent use of Plaintiff's RAINBOW INTERNATIONAL® Marks. True and correct copies of screenshots of the Home, About Us, and Contact Us pages of Defendants' website are attached as **Exhibit O**.

US2008 5371674 7

50.     Defendants also advertise their competitive carpet cleaning and restoration business with a Facebook profile named "Rainbow International Restoration & Cleaning" that links to Defendants' website and directs visitors to the (478) 257-6690 telephone number.  True and correct copies of screenshots of the Timeline and About pages of Defendants' Facebook profile are attached as **Exhibit P**.

51.     Additionally, Defendants advertise their competitive carpet cleaning and restoration business on Internet directory listings and review sites using Plaintiff's RAINBOW INTERNATIONAL® Marks and the (478) 257-6690 telephone number.  True and correct copies of screenshots of such Internet directory listings and review sites are attached as **Exhibit Q**.

52.     The services offered by Defendants are identical to and directly competitive to the services offered by Plaintiff.

53.     Defendants' unauthorized use of Plaintiff's RAINBOW INTERNATIONAL® Marks in connection with Defendants' provision of carpet cleaning and restoration services identical to those provided by Plaintiff creates a likelihood of consumer confusion as to the source, sponsorship, or affiliation of Defendants' business and services with Plaintiff.

54.     Mr. Whitley has breached other provisions of the Franchise Agreement in addition to failing to cease use of the RAINBOW INTERNATIONAL® Marks, operating a business competitive with Plaintiff, and using telephone numbers that were previously associated with Defendants' authorized RAINBOW INTERNATIONAL® franchise.  Among other things, Mr. Whitley has not returned to Plaintiff materials furnished to him relating to the operation of his former RAINBOW INTERNATIONAL® franchise, and he has not transferred to Plaintiff the telephone numbers or customer lists associated with his former RAINBOW INTERNATIONAL® franchise.

14

## FIRST CLAIM FOR RELIEF
### (Federal Service Mark Infringement as to All Defendants)

55.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

56.     Defendants' unauthorized use of the federally registered RAINBOW INTERNATIONAL® Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin, or sponsorship of Defendants' carpet cleaning and restoration services.  The consuming public is likely to believe that said services of Defendants originate from, or are sponsored by or affiliated with, the source of services bearing the federally registered RAINBOW INTERNATIONAL® Marks, and that Defendants operate an authorized RAINBOW INTERNATIONAL® franchise when, in fact, they have no such authorization.

57.     Upon information and belief, Defendants' unauthorized use of the federally registered RAINBOW INTERNATIONAL® Marks has been intentionally undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with Plaintiff and the RAINBOW INTERNATIONAL® Marks.

58.     By their unauthorized use of the RAINBOW INTERNATIONAL® Marks, Defendants have infringed the registered RAINBOW INTERNATIONAL® Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59.     As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Plaintiff has suffered irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.  Such conduct has caused Defendants to achieve sales and profits to which they are not entitled.

US2008 5371674 7

60. Defendants' conduct has caused substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to an award of Defendants' profits and to recover Plaintiff's actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages or profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition and False Designation of Origin as to All Defendants)

61. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

62. Defendants' unauthorized use of the RAINBOW INTERNATIONAL® Marks constitutes a false designation of origin, and a false description and false representation regarding Defendants' status, or lack thereof, as an authorized franchisee of Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

63. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. Such conduct has caused Defendants to achieve sales and profits to which they are not entitled.

64. Defendants conduct has caused substantial injury to the public and to the Plaintiff, and Plaintiff is entitled to injunctive relief and to an award of Defendants' profits and to recover Plaintiff's actual damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117. Any such damages and profits awarded should be trebled pursuant to 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices under O.C.G.A. § 10-1-370 *et. seq.* as to All Defendants)

65. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

US2008 5371674 7

66. The acts of Defendants complained of herein constitute deceptive trade practices under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372(a) (2009).

67. Defendants' unauthorized use of the RAINBOW INTERNATIONAL® Marks has caused substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief.

68. Defendants' conduct has been willful and in bad faith, making this an exceptional case under O.C.G.A. § 10-1-373(b)(2) (2009).

### FOURTH CAUSE OF ACTION
**(Unfair Competition under O.C.G.A. § 23-2-55 and the Common Law of Georgia as to All Defendants)**

69. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

70. Defendants' unauthorized use of the RAINBOW INTERNATIONAL® Marks is likely to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin, or sponsorship of Defendants' carpet cleaning and restoration. The consuming public is likely to believe that said services of Defendants originate from, or are sponsored by or affiliated with, the source of services bearing the RAINBOW INTERNATIONAL® Marks and that Defendants operate an authorized RAINBOW INTERNATIONAL® franchise when, in fact, they have no such authorization.

71. Upon information and belief, Defendants' unauthorized use of the RAINBOW INTERNATIONAL® Marks has been intentionally, deliberately, willfully, and wantonly undertaken with a view and purpose of trading on and benefiting from the substantial reputation and goodwill associated with the RAINBOW INTERNATIONAL® Marks.

US2008 5371674 7

72. Defendants' conduct alleged herein constitutes unfair competition in violation of the O.C.G.A. § 23-2-55 and the common law of the State of Georgia.

73. As a direct and proximate result of Defendants' unlawful conduct, as herein alleged, Plaintiff has suffered irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. Such conduct has caused Defendants to achieve sales and profits to which they are not entitled.

74. Defendants' conduct has caused substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, Defendants' profits, and Plaintiff's actual damages, costs, and reasonable attorneys' fees.

75. The acts of Defendants complained of herein show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences of those actions, and thus form a basis for punitive damages under O.C.G.A. § 51-12-5.1(b).

### FIFTH CLAIM FOR RELIEF
**(Breach of Franchise Agreement as to Defendant Mr. Whitley)**

76. The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

77. Mr. Whitley and Plaintiff's predecessor in interest entered into the Franchise Agreement.

78. The Franchise Agreement constitutes a binding contract between Mr. Whitley and Plaintiff.

79. Plaintiff lawfully terminated the Franchise Agreement, thus triggering the Franchise Agreement's post-termination obligations under Paragraphs 12.A and 9.C.

80.     Since termination of the Franchise Agreement, Mr. Whitley has failed to (a) discontinue use of the RAINBOW INTERNATIONAL® Marks and the RAINBOW INTERNATIONAL® franchise system; (b) cease use of telephone numbers previously associated with Defendants' authorized RAINBOW INTERNATIONAL® franchise; (c) return to Plaintiff materials furnished to Mr. Whitley relating to the operation of his former RAINBOW INTERNATIONAL® franchise; and (d) transfer to Plaintiff the telephone numbers or customer lists associated with Mr. Whitley's former RAINBOW INTERNATIONAL® franchise.

81.     Mr. Whitley's failures outlined in the preceding paragraph constitute breach of Section 12.A of the Franchise Agreement.

82.     As a proximate result of Mr. Whitley's breaches of Section 12.A of the Franchise Agreement, Plaintiff has incurred damages in an amount to be determined at trial.

83.     Since termination of the Franchise Agreement, Mr. Whitley has, without Plaintiff's authorization, operated a competitive carpet cleaning and restoration business servicing Bibb County, Georgia.

84.     Mr. Whitley's operation of a competitive carpet cleaning and restoration business servicing Bibb County, Georgia constitutes breach of Sections 9.C and 12.A of the Franchise Agreement.

85.     As a proximate result of Mr. Whitley's operation of a competitive carpet cleaning and restoration business servicing Bibb County, Georgia, Plaintiff has suffered irreparable damage and inherently unquantifiable injury to its business, reputation, and customer goodwill, and Plaintiff is entitled to injunctive relief and specific performance extending the non-compete period by any period of non-compliance.

US2008 5371674 7

86.     Pursuant to Section 14.K of the Franchise Agreement, Plaintiff is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred enforcing the Franchise Agreement.

## SIXTH CLAIM FOR RELIEF
### (Breach of Confidentiality Agreement as to Defendant Mrs. Whitley)

87.     The allegations of the foregoing Paragraphs are repleaded and incorporated by reference as if fully set forth herein.

88.     Mrs. Whitley and Plaintiff's predecessor in interest entered into the Confidentiality Agreement.

89.     The Confidentiality Agreement constitutes a binding contract between Mrs. Whitley and Plaintiff.

90.     Plaintiff lawfully terminated the Franchise Agreement, thus triggering Sections 1 and 5 of the Confidentiality Agreement.

91.     Since termination of the Franchise Agreement, Mrs. Whitley has, without Plaintiff's authorization, operated a competitive carpet cleaning and restoration business servicing Bibb County, Georgia.

92.     Mrs. Whitley's operation of a competitive carpet cleaning and restoration business servicing Bibb County, Georgia constitutes a breach of Sections 1 and 5 of the Confidentiality Agreement.

93.     As a proximate result of Mrs. Whitley's operation of a competitive carpet cleaning and restoration business servicing Bibb County, Georgia, Plaintiff has suffered irreparable damage and inherently unquantifiable injury to its business, reputation, and customer goodwill, and Plaintiff is entitled to injunctive relief and specific performance extending the non-compete period by any period of non-compliance.

20

94.     Since termination of the Franchise Agreement, Mrs. Whitley has failed to discontinue use of the RAINBOW INTERNATIONAL® Marks.

95.     Mrs. Whitley's failure to discontinue use of the RAINBOW INTERNATIONAL® Marks constitutes breach of Section 2 of the Confidentiality Agreement.

96.     As a proximate result of Mrs. Whitley's breach of Section 2 of the Confidentiality Agreement, Plaintiff has incurred damages in an amount to be determined at trial.

97.     Pursuant to Section 7 of the Confidentiality Agreement, Plaintiff is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred enforcing the Confidentiality Agreement.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiff prays the Court provide relief as follows:

1.     Permanently enjoining Defendants, and all their respective affiliates, related entities, agents, servants, employees, contractors, attorneys, representatives, assigns, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, from:

   a.   Using the RAINBOW INTERNATIONAL® Marks and any confusingly similar imitations of the RAINBOW INTERNATIONAL® Marks, including without limitation RAINBOW INTERNATIONAL RESTORATION & CLEANING or RAINBOW INTERNATIONAL OF BIBB COUNTY, in connection with Defendants' business or services, including but not limited to the advertising of that business or in URLs

and using the above-referenced names, marks, or designations together

with the phrase "formerly known as . . .";

   b.  using any trademark, service mark, name, logo, or source designation of

   any kind that is a copy, reproduction, colorable imitation, or simulation of

   or confusingly similar to, or in any way similar to, the trademarks, service

   marks, or logos, of Plaintiff, or is likely to cause confusion, mistake,

   deception, or public misunderstanding that Defendants' business or

   services are the business or services of Plaintiff, or are sponsored by or in

   any way related to Plaintiff;

   2.  Awarding Plaintiff compensatory and punitive dames; an accounting for all

profits received by Defendants' unauthorized use of the RAINBOW INTERNATIONAL®

Marks, and confusingly similar imitations thereof; the costs of this action; reasonable attorneys'

fees under 15 U.S.C. § 1117 and the relevant sections of the Franchise Agreement and

Confidentiality Agreement; and a trebling of damages and profits as authorized by law;

   3.  Directing Defendants to surrender immediately and without financial

encumbrance to Plaintiff the telephone number (478) 257-6690, the URLs

rainbowbibbcounty.com and www.rainbowmidga.com and any corresponding email addresses

such as info@rainbowbibbcounty.com, and to deliver up for destruction all labels, signs,

packages, receptacles, advertising, promotional materials or the like in the possession, custody,

or control of the Defendants that are found to adopt or to infringe the RAINBOW

INTERNATIONAL® Marks;

   4.  Extending the Whitleys' post-termination non-compete period by any period of

non-compliance;

22

5. Requiring Mr. Whitley to comply with all post-termination obligations under the Franchise Agreement;

6. Requiring Mrs. Whitley to comply with all post-termination obligations under the Confidentiality Agreement; and

7. Granting Plaintiff such other and further relief as the Court may deem just and proper.


April 9, 2014.                                    Respectfully submitted,

                                                 /s/ Stuart E. Walker
                                                 STUART E. WALKER
                                                 Georgia Bar No. 141620

                                                 Martin Snow, LLP
                                                 240 Third Street
                                                 Macon, Georgia  31201
                                                 478.749.1700 (telephone)
                                                 478.743.4204 (facsimile)
                                                 sewalker@martinsnow.com

                                                 Counsel for Plaintiff