**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RAINBOW INTERNATIONAL LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN ANTHONY WHITLEY and PATRICIA B. WHITLEY, individually, and QUICK WHITS, Inc., d/b/a "Rainbow International Restoration & Cleaning" and "Rainbow International of Bibb County,"<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 5:14-CV-139-MTT |

**FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT**

Plaintiff Rainbow International LLC ("Plaintiff") and Defendants Brian Anthony Whitley and Patricia B. Whitley, individually, and Quick Whits, Inc., doing business as "Rainbow International Restoration & Cleaning" and "Rainbow International of Bibb County" (collectively, "Defendants") have reached an agreement in settlement of this dispute between them and have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of entry of this Consent Judgment.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. Plaintiff is a Texas limited liability company that has a principal place of business in Waco, Texas.

2. Plaintiff is the franchisor of a nationwide system of businesses that provide a wide

range of carpet and upholstery dyeing and cleaning services. The RAINBOW INTERNATIONAL® franchise system currently consists of over 400 franchisees worldwide, each of which operates under the name and service mark RAINBOW INTERNATIONAL®, and each of which operates pursuant to a franchise agreement under which Plaintiff imposes certain obligations and retains certain rights to help ensure the protection of its service marks and the uniform quality of the services provided by franchisees in the RAINBOW INTERNATIONAL® franchise system.

3. Plaintiff, through its franchisees and its predecessor in interest, has used the RAINBOW INTERNATIONAL® service mark since at least as early as 1980 in connection with carpet and upholstery dyeing and cleaning services.

4. Plaintiff, through its predecessor in interest, is the owner of the following federal service mark registrations for services related to carpet and upholstery dyeing and cleaning:

a. U.S. Registration No. 1,672,096, issued on January 14, 1992, for the mark RAINBOW INTERNATIONAL (in block letters);

b. U.S. Registration No. 2,054,615, issued on April 22, 1997, for the mark "THE CLEAN EXPERIENCE" RAINBOW INTERNATIONAL CARPET CARE & RESTORATION SPECIALIST & Design;

c. U.S. Registration No. 2,768,905, issued on September 30, 2003, for a stylized depiction of the letter "R," together with other distinctive design features;.

d. U.S. Registration No. 2,850,175, issued on June 8, 2004, for the mark RAINBOW INTERNATIONAL (in block letters);

e. U.S. Registration No. 3,207,135, issued on February 13, 2007, for the

mark RAINBOW INTERNATIONAL RESTORATION & CLEANING (in block letters); and

f. U.S. Registration No. 3,923,493, issued on February 22, 2011, for WATER FIRE SMOKE & Design.

5. With the exception of U.S. Registration No. 3,923,493, all of Plaintiff's federal service mark registrations identified in Paragraph 4 above are incontestable under 15 U.S.C. § 1065 as the marks depicted in those registrations have been in continuous use in commerce for more than five years and the required affidavits of use and incontestability have been filed with the U.S. Patent and Trademark Office. (Plaintiff's U.S. Service Mark Registration Nos. 1,672,096, 2,054,615, 2,768,905, 2,850,175, 3,207,135, and 3,923,493, the service marks shown in those registrations, and the common law equivalents of such service marks, are hereinafter referred to collectively as the "RAINBOW INTERNATIONAL® Marks.")

6. As a consequence of the inherent distinctiveness of the RAINBOW INTERNATIONAL® Marks and by virtue of the long and continuous use and extensive promotion of those marks, the consuming public and the trade have come to recognize, and do recognize, the RAINBOW INTERNATIONAL® Marks as being used by Plaintiff or by a single source, and to associate and identify said marks with Plaintiff or with a single source. Plaintiff derives substantial goodwill and value from this identification by the consuming public and the trade.

7. Defendants Brian Anthony Whitley and Patricia B. Whitley (collectively, the "Whitleys") are citizens of the State of Georgia and reside in this District.

8. Defendant Quick Whits, Inc. ("Quick Whits") is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business in this

District. Quick Whits is owned and controlled by the Whitleys.

9. Defendant Mr. Whitley entered into a franchise agreement with Plaintiff's predecessor in interest on June 26, 2007 (the "Franchise Agreement"), which set out the terms pursuant to which Mr. Whitley was authorized to operate a RAINBOW INTERNATIONAL® franchise in Bibb County, Georgia.

10. In Section 6.A of the Franchise Agreement, Mr. Whitley specifically acknowledged Plaintiff's exclusive rights in the RAINBOW INTERNATIONAL® Marks, he agreed that he "will hereafter assert no claim of ownership" to those marks, and he covenanted that he "will not contest [Plaintiff's] ownership of th[ose marks] or their validity nor will [he] do or permit any act or thing to be done in derogation of any of the rights of [Plaintiff] in connection with th[ose marks] either during the term of this Agreement or thereafter."

11. In Section 9.C of the Franchise Agreement, Mr. Whitley agreed that, for a period of two years immediately following the termination of the Franchise Agreement, he would not, among other things, "engage in or participate in or derive any benefit from a Competitive Business . . . in the Territory without [Plaintiff's] prior written consent." A "Competitive Business" is defined in Section 9.C as "hold[ing] interests in any business other than the Franchisee which offers or sells any product or service or component thereof which composes a part of Franchise's System or which competes directly or indirectly with the Franchise or Franchisor's System . . . ."

12. Pursuant to Section 12.A of the Franchise Agreement, immediately upon termination of the Franchise Agreement all rights granted to Mr. Whitley terminated and he was obligated to, among other things: (a) cease to use the RAINBOW INTERNATIONAL® franchise system; (b) comply with the post-termination covenants contained in Section 9; (c)

cease to use the RAINBOW INTERNATIONAL® Marks or any confusingly similar designations; (d) "bring about a complete and effective transfer of the Franchise, its customers and/or customer list and services to Franchisor or its designee"; (e) cease using all telephone numbers that are, at the time of termination, or have at any time been, listed in the Yellow Pages or white pages of the telephone directory under RAINBOW INTERNATIONAL® or any confusingly similar name; (f) upon demand of Plaintiff, direct the telephone company servicing the franchise to transfer all telephone numbers registered to Mr. Whitley in connection with the franchise to Plaintiff or its designee; (g) return to Plaintiff, at Mr. Whitley's sole expense, all materials furnished to him relating to the operation of the franchise and/or bearing the RAINBOW INTERNATIONAL® Marks; and (h) "refrain from doing anything, whether specified or not, that would directly or indirectly indicate that [Mr. Whitley] was a former franchisee of [Plaintiff]."

13. On the same day Mr. Whitley signed the Franchise Agreement, both he and Defendant Mrs. Whitely entered into a Confidentiality Agreement with Plaintiff's predecessor in interest whereby Mrs. Whitley "agree[d] to be bound by the provisions of the Franchise Agreement related to confidentiality and protection of trade secrets, including but not limited to Sections 9.B and 9.C of the Franchise Agreement, the same as if a party to the Franchise Agreement."

14. In Section 2 of the Confidentiality Agreement, Mrs. Whitley agreed not to perform any act injurious to the goodwill associated with the RAINBOW INTERNATIONAL® Marks or the RAINBOW INTERNATIONAL® franchise system.

15. In Section 5 of the Confidentiality Agreement, Mrs. Whitley agreed that, for a period of two years commencing with the termination of the Franchise Agreement, "which

period shall be extended by any period of non-compliance," she would not,

> directly or indirectly, through, on behalf of, or in conjunction with any other person, partnership, or legal entity, own, maintain, operate, or engage or participate in, or have any financial interest, either as an officer, agent, employee, principal, partner, director, shareholder or any other individual or representative capacity, in any corporation, partnership or legal entity which engages in any business which is the same or similar to the Franchise, or is otherwise in competition with the business of [Plaintiff] or [Plaintiff's] franchisees, which engages in the distribution of similar products, services and equipment with [Bibb County, Georgia].

16. Plaintiff terminated the Franchise Agreement effective September 24, 2013 due to Mr. Whitley's failure to: (a) pay royalties and advertising fees; (b) submit royalty reports; (c) make note payments; (d) respond to Plaintiff in a timely fashion to resolve and/or settle Mr. Whitley's obligations and/or requirements to continue as a franchisee.

17. The Notice of Termination Plaintiff sent Defendants informed the Defendants that, notwithstanding termination of the Franchise Agreement, Defendants still have many post-termination obligations to fulfill under Section 12.A of the Franchise Agreement, which included the post-termination covenants contained in Section 9 of the agreement.

18. Despite termination of the Franchise Agreement, and without Plaintiff's authorization, Defendants have operated a competitive carpet cleaning and restoration business servicing Bibb County, Georgia under the names "Rainbow International Restoration & Cleaning" and "Rainbow International of Bibb County."

19. In connection with their competitive carpet cleaning and restoration business, Defendants have utilized the identical (or substantially indistinguishable versions of) signage, advertising, business invoices, and vehicles of their former RAINBOW INTERNATIONAL® franchise, though they are no longer authorized to do so.

20. Further, Defendants and their employees have identified their business as

"Rainbow International" when answering the telephone and wear uniforms that bear the RAINBOW INTERNATIONAL® Marks. Defendants also have continued to use the (478) 257-6690 telephone number that was previously associated with Defendants' authorized RAINBOW INTERNATIONAL® franchise.

21. Defendants have advertised and promoted their competitive carpet cleaning and restoration business using means identical to those of Plaintiff. For example, in connection with their competitive carpet cleaning and restoration business, Defendants have adopted and use URLs that incorporate Plaintiff's RAINBOW INTERNATIONAL® Marks: rainbowbibbcounty.com and www.rainbowmidga.com. Defendants' website associated with the rainbowbibbcounty.com and www.rainbowmidga.com URLs has made prominent use of Plaintiff's RAINBOW INTERNATIONAL® Marks.

22. Defendants also have advertised their competitive carpet cleaning and restoration business with a Facebook profile named "Rainbow International Restoration & Cleaning" that links to Defendants' website and directs visitors to the (478) 257-6690 telephone number.

23. Additionally, Defendants have advertised their competitive carpet cleaning and restoration business on Internet directory listings and review sites using Plaintiff's RAINBOW INTERNATIONAL® Marks and the (478) 257-6690 telephone number.

24. The services offered by Defendants are identical to and directly competitive to the services offered by Plaintiff.

25. Defendants' unauthorized use of Plaintiff's RAINBOW INTERNATIONAL® Marks in connection with Defendants' provision of carpet cleaning and restoration services identical to those provided by Plaintiff creates a likelihood of consumer confusion as to the source, sponsorship, or affiliation of Defendants' business and services with Plaintiff.

26. Mr. Whitley has breached other provisions of the Franchise Agreement in addition to failing to cease use of the RAINBOW INTERNATIONAL® Marks, operating a business competitive with Plaintiff, and using telephone numbers that were previously associated with Defendants' authorized RAINBOW INTERNATIONAL® franchise. Among other things, Mr. Whitley has not returned to Plaintiff materials furnished to him relating to the operation of his former RAINBOW INTERNATIONAL® franchise, and he has not transferred to Plaintiff the telephone numbers or customer lists associated with his former RAINBOW INTERNATIONAL® franchise.

27. On April 9, 2014, Plaintiff commenced the above-captioned action (the "Civil Action") by filing a Complaint against Defendants.

28. On September 15, 2014, with Defendants' consent, Plaintiff filed its First Amended Complaint against Defendants.

29. The Court has subject matter jurisdiction over the federal claims alleged in the First Amended Complaint under the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

30. The Court has personal jurisdiction over Defendants because Defendants reside in this State, transact business within this State, have committed tortious acts or omissions within this State, and have otherwise established contacts within this State sufficient to make the exercise of personal jurisdiction proper.

31. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims asserted in Plaintiff's Complaint occurred in this District.

**PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is hereby **ORDERED, ADJUDGED,** and **DECREED** as follows:

1. Defendants and all their respective affiliates, related entities, agents, servants, employees, contractors, attorneys, representatives, assigns, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, pursuant to the powers granted to this Court by 15 U.S.C. § 1116 and relevant state statutes, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

   a. using the RAINBOW INTERNATIONAL® Marks and any confusingly similar imitations of the RAINBOW INTERNATIONAL® Marks, including without limitation RAINBOW INTERNATIONAL RESTORATION & CLEANING or RAINBOW INTERNATIONAL OF BIBB COUNTY, in connection with Defendants' business or services, including but not limited to: (i) the advertising of that business on Facebook or any other social media platforms or in URLs; and (ii) using the above-referenced names, marks, or designations together with the phrase "formerly known as . . .";

   b. using any trademark, service mark, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to, or in any way similar to, the trademarks, service marks, or logos, of Plaintiff, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' business or services are the business or services of Plaintiff, or are sponsored by or in

any way related to Plaintiff.

2. With respect to Plaintiff's claims for monetary damages, judgment is hereby **ENTERED** in favor of Plaintiff and against Defendants, jointly and severally, in the amount of One Hundred and Twenty Thousand and 00/100 Dollars ($120,000.00) together with post-judgment interest therein as allowed by law.

3. Not later than thirty (30) calendar days after the entry of this Consent Judgment, Defendants shall deliver without financial encumbrance to Plaintiff the telephone number (478) 257-6690, the URLs rainbowbibbcounty.com and www.rainbowmidga.com and any corresponding email addresses such as info@rainbowbibbcounty.com, and Defendants shall confirm in writing to Plaintiff the destruction of all labels, signs, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of the Defendants that are found to adopt or to infringe the RAINBOW INTERNATIONAL® Marks.

4. Not later than thirty (30) calendar days after the entry of this Consent Judgment, Defendants shall return to Plaintiff all materials provided to Defendants relating to the operation to Mr. Whitley's former RAINBOW INTERNATIONAL® franchise.

5. Plaintiff and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. Plaintiff and Defendants understand the undertakings, obligations, and terms of this Consent Judgment.

6. This Consent Judgment shall be binding upon and inure to the benefit of the parties hereto and their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, licensees, manufacturers, and distributors, and their officers, directors, shareholders, servants, employees, attorneys, and agents, or any committee or other arrangement of creditors

organized with respect to the affairs of any party.

7. Except as to Defendants' obligations set forth in this Consent Judgment, each party's claims against the other that were raised or could have been raised in this Civil Action are hereby dismissed with prejudice. No appeals shall be taken from this Consent Judgment, and Defendants hereby waive all rights to appeal from this Consent Judgment.

8. This Court shall retain jurisdiction over this matter to enforce a violation of this Consent Judgment's terms. If any such violation occurs, the Court shall award: (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiff for such breach; (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs, and disbursements incurred by Plaintiff in connection with the violation, as determined by the Court; and (d) such other relief as the Court deems just and proper.

DATED this 16th day of March, 2015.

S/ Marc T. Treadwell

United States District Judge

**CONSENTED AND AGREED TO:**

**PLAINTIFF:**

**RAINBOW INTERNATIONAL LLC**

By: MARK WELSTEAD

Title: PRESIDENT

Date: 2/13/15

**DEFENDANTS:**

**Brian Anthony Whitley**

Date: 2-11-15

**Patricia B. Whitley**

Date: 2-11-15

**QUICK WHITS, INC.**

By: Patricia Whitley

Title: owner

Date: 2-11-15